Filed 12/30/22  P. v. Pulido CA2/7

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>RAFAEL PULIDO,<br><br>Defendant and Appellant. | B321021<br><br>(Los Angeles County<br>Super. Ct. No. TA078773) |

APPEAL from a postjudgment order of the Superior Court of Los Angeles County, Teresa P. Magno, Judge.  Reversed and remanded with directions.

Gloria C. Cohen, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Noah P. Hill, Supervising Deputy

Attorney General, and Eric J. Kohm, Deputy Attorney General, for Plaintiff and Respondent.

_____

Rafael Pulido appeals the superior court's May 12, 2022 order modifying, nunc pro tunc, his sentence in Los Angeles Superior Court, 2005, No. TA078773 (case 1), which he contends unlawfully extended his confinement in state prison. Pulido urges us to reverse the order and remand with directions to correct the minute order specifying his sentence in case 1[1] and the related abstract of judgment and to issue an order for his immediate release.

The Attorney General agrees that the superior court erred and that we should reverse the May 12, 2022 order and direct corrections of the case 1 sentencing order and abstract of judgment, but contends the record on appeal is insufficient to determine whether Pulido's immediate release is appropriate.

The Attorney General is correct that we do not know the correct release date for Pulido as determined by the California Department of Corrections and Rehabilitation (CDCR). However, we know the CDCR on May 6, 2022, in a letter encouraging modification of Pulido's sentence on an expedited basis, advised the superior court Pulido's release date was then "imminent." Accordingly, in addition to reversing the May 12, 2022 order and remanding with directions to correct the case 1 sentencing minute order and abstract of judgment, as Pulido and the Attorney General agree we should, we direct the superior court to

_____

[1]     The superior court incorrectly referred to the case 1 sentencing order as dated May 28, 2005, rather than May 18, 2005.

2

order Pulido's release within five court days of the receipt of our remittitur unless the CDCR shows cause in that court why Pulido should not be released.

## BACKGROUND

Pursuant to a negotiated agreement, Pulido pleaded no contest on May 18, 2005 in case 1 to one count of being a felon in possession of a firearm (Pen. Code, former § 12021, subd. (a)(1)) and a misdemeanor count of escape (Pen. Code, § 836.6, subd. (b)) and admitted he had suffered a prior strike conviction, a 2003 conviction for first degree burglary (Pen. Code, § 459), within the meaning of the three strikes law (Pen. Code, §§ 667, subds. (b)-(i), 1170.12). He was sentenced to state prison for the lower term of 16 months for the felon-in-possession conviction, doubled as a second strike. The jail sentence for the misdemeanor conviction was ordered to run concurrently with the state prison term.

Pulido was convicted following a jury trial on October 20, 2005 of rape (Pen. Code, § 261, subd. (a)(2)) and penetration by a foreign object (Pen. Code, § 289, subd. (a)(1)) in Los Angeles Superior Court, 2005, No. VA085408 (case 2). He was sentenced on November 8, 2005 to a state prison term of 21 years—the upper term of eight years for rape, doubled pursuant to the three strikes law, plus five years for the prior serious felony conviction pursuant to Penal Code section 667, subdivision (a)(1).[2] The sentence on the second sexual assault conviction was stayed pursuant to Penal Code section 654.

---

[2] We grant the Attorney General's motion to take judicial notice of the November 8, 2020 minute order issued in case 2 and the related abstract of judgment, as amended nunc pro tunc on July 30, 2014 to accurately reflect Pulido's AIDS testing requirement.

3

On May 6, 2022 the CDCR wrote the superior court in case 1, stating the abstract of judgment and/or minute order in the case might be in error or incomplete, incorrectly stating that at the time of sentencing in case 1 Pulido was already sentenced under the three strikes law in case 2 and that, pursuant to Penal Code section 667, subdivision (c)(8), the sentence in case 1 had to run consecutively to any other sentence the defendant was already serving.

On May 12, 2022 the superior court, after stating it had reviewed the plea and sentencing transcripts, ordered the minute order imposing sentence in case 1 corrected nunc pro tunc by striking "sentence to run concurrent with any other sentence imposed," and substituting, "pursuant to Penal Code section 667(c)(8), the sentence is to run consecutive to any other sentence imposed." According to the reporter's transcript of the proceedings, although not reflected in the minute order, the court expressly directed the sentence in case 1 to be served consecutively to the sentence Pulido had received in case 2. A new abstract of judgment was filed for case 1 on May 13, 2022.

Pulido filed a timely notice of appeal.

## DISCUSSION

Penal Code section 667, subdivision (c)(8), part of the three strikes law, provides, "A sentence imposed pursuant to subdivision (e) [that is, a second or third strike sentence] shall be imposed consecutive to any other sentence that the defendant is already serving, unless otherwise provided by law." Thus, pursuant to this provision, the sentence in case 2, a second strike sentence, was to be served consecutive to (after) the sentence in case 1. Neither the November 8, 2005 minute order in case 2 nor the related abstract of judgment indicates whether Pulido's

4

21-year sentence was to be served consecutively to, or concurrently with, the two-year eight-month sentence previously imposed in case 1.

Pulido contends, without citation to anything in the record now before us, the two prison sentences were served consecutively (the sentence in case 2 following that in case 1) and he was completing his prison term for both cases, with his release date "imminent," when the CDCR wrote the court and incorrectly asserted Pulido was sentenced in case 1 after case 2 and suggested the two-year eight-month sentence in case 1 had been served concurrently with the sentence in case 2. The superior court, apparently relying on the CDCR's letter and unaware of, or disregarding, the relative dates of sentencing in case 1 and case 2, agreed and ordered Pulido to serve the two-year eight-month sentence in case 1 after completing his case 2 prison term. The error, Pulido argues, has caused his unlawful incarceration beyond the correct release date.

The Attorney General concedes the superior court's May 12, 2022 nunc pro tunc order was made in error and must be reversed, with the original sentencing order and abstract of judgment corrected to reflect the previously imposed sentence. We agree. When sentenced in case 1, Pulido was not serving any other prison term. There was nothing "already being served" to which the case 1 sentence could run consecutively.

Pulido further argues, because his release date was "imminent" in early May 2022, that date must necessarily have passed now, more than seven months later.[3] He urges us to

_____

[3] Citing a provision in the CDCR's operations manual, Pulido explains inmate records must be reviewed 10 days before release. He contends it can be "fairly assumed" the May 6, 2022 letter

5

direct the superior court to order his immediate release. The Attorney General responds that the record does not permit a determination of the correct release date and contends, as the appellant seeking relief in this court, it was Pulido's obligation to provide the records necessary to make that evaluation. Absent an adequate record, the Attorney General continues, the case should be remanded to the superior court to decide whether immediate release is proper.

We essentially agree with the Attorney General. Pulido acknowledges his sentence in case 2 had to be served consecutively to his case 1 sentence. He contends that happened and requiring him to again serve his case 1 sentence is unlawful. He may well be correct, but we cannot ascertain from the material in the appellate record whether, in fact, the case 1 and case 2 sentences were served consecutively or concurrently. The superior court is the proper forum to make that determination in the first instance.

Because the release date was concededly imminent before the CDCR's inaccurate letter and the superior court's erroneous order, however, the burden is properly placed on the CDCR in the superior court to present information justifying any further delay in releasing Pulido. Accordingly, we direct the superior court to order Pulido's release within five court days of the receipt of our

---

from the CDCR stating his release date was imminent and asking the court for "an expeditious response" meant his release date was no more than 10 days from May 6—that is, no later than May 16, 2022. That surmise may be reasonable, but it is insufficient for us to order his immediate release.

6

remittitur unless the CDCR shows cause why that release is not proper.[4]

## DISPOSITION

The May 12, 2022 postjudgment order is reversed. The cause is remanded with directions to the superior court to correct the May 18, 2005 minute order and related abstract of judgment in No. TA078773 (case 1) to reflect the sentence as originally imposed. The superior court is further directed to order Pulido's release from custody within five court days of receipt of our remittitur unless the CDCR shows cause why his release from custody is not proper.


PERLUSS, P. J.

We concur:


SEGAL, J.


FEUER, J.

---

[4]     The court encourages the parties to consider stipulating pursuant to California Rules of Court, rule 8.272(c) for issuance of our remittitur prior to the time specified in rule 8.272(b).